Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1495 | **DATE** | 11/28/2000 |
| **CASE TITLE** | Linda French-Fuentes vs. Lake County, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions to Dismiss (doc. #'s 2 & 5) and Plaintiff's Motion to Amend (doc. #9)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Lake County's Motion to Dismiss (doc. #2) is **GRANTED**. Defendant Lake County Sheriff's Department's Motion to Dismiss is **GRANTED**. Plaintiff's Motion to Amend her Complaint (doc. #9) is **DENIED**.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 30 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | | |
| JHC courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINDA FRENCH-FUENTES, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LAKE COUNTY & )<br>LAKE COUNTY SHERIFF'S DEPT. )<br>    Defendants. ) | CAUSE NO. 00C1495<br><br>JUDGE WM J. HIBBLER<br><br>DOCKETED<br>NOV 3 0 2000 |

## MEMORANDUM AND ORDER

Plaintiff alleges that Defendants Lake County, Illinois and the Sheriff of Lake County, Illinois, acting as joint-employers, violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq. ("Title VII"); 42 U.S.C. §§ 1981 ("Section 1981") and 1983 ("Section 1983") and the Fourteenth Amendment to the Constitution of the United States. Plaintiff further alleges these claims arose when Defendants terminated her employment as a Correctional Technician in the Lake County Sheriff's Adult Corrections Division, because of her race, thereby depriving her of a property right without due process of law.

Defendant Lake County Sheriff's Department ("Sheriff's Department") moves this Court to dismiss Plaintiff's complaint to the extent it seeks recovery from the Sheriff's Department (doc. #5). The Sheriff's Department argues that because it is not a legal entity capable of being sued, it should be dismissed in this action. In response to the Sheriff's Department's motion to dismiss, Plaintiff conceded that it is not a proper party and now moves this Court for leave to amend its complaint (doc. #9). Because the parties are in

agreement that the Sheriff's Department is not a proper party to this action, its motion to dismiss is **GRANTED**.

Defendant Lake County ("County") moves this Court to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (doc. #2). The County asserts that Counts I, Title VII, and II, Section 1981, should be dismissed because it is does not have any authority or control over the employment decisions of the Sheriff with regard to correctional employees. Defendant further alleges, Plaintiff did not have a due process property interest in continued employment, and therefore, fails to state a claim pursuant to Section 1983, Count III. Because the Defendant's allegations are proper, its motion to dismiss is **GRANTED**.

## BACKGROUND

Defendant Sheriff of Lake County ("Sheriff") employed Plaintiff as a Corrections Technician at the Lake County Correctional Facility in Waukegan, Illinois from December 16, 1998 until her termination on June 15, 1999. Plaintiff requested time off on June 5, 1999; Defendant denied the request. Then, Plaintiff gave timely notice to the Lake County Sheriff's Department ("Sheriff's Department") that she would be late for work on June 5, 1999, Plaintiff came to work four hours late that day. As a county employee, Plaintiff was covered by a Collective Bargaining Agreement ("Agreement")between the Lake County Board and the Sheriff. Plaintiff was the beneficiary of a contract right conferred upon her by Article 9, Section 3 of the Agreement, which provides for a pre-disciplinary meeting prior to the discharge of an employee. On June 7, 1999, the Sheriff gave Plaintiff notice of an upcoming pre-disciplinary/pre-termination hearing. On June 10, 1999 a pre-disciplinary/pre-

termination hearing was held, with Plaintiff in attendance. On June 15, 1999, the Sheriff, discharged Plaintiff from her employment at the Lake County Correctional Facility.

## MOTION TO DISMISS STANDARD

A plaintiff fails to state a claim upon which relief may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Leahy v. Board of Trustees of Community College District No. 508*, 912 F.2d 917, 921 (7th Cir. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41,, 45-46 (1957)). In reviewing a motion to dismiss under Rule 12(b)(6), "we must accept as true all the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them." *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

Plaintiff named the County as a party to this litigation based upon the County and the Sheriff's joint-employment of her. This argument is untenable. The County Jail Act ("Act") grants control of the internal operations of the Sheriff office to the Sheriff. 55 ILCS 5/3-6018; 730 ILCS 125/2. This mandate includes control over the Adult Corrections Division as well. The Act provides the Sheriff "shall also be responsible for the hiring and training of all personnel necessary to operate and maintain the jail." 730 ILCS 125/3. Plaintiff fails to allege any action by the County that would preclude a dismissal of this Defendant. Plaintiff only argues that an agreement entered into pursuant to the Illinois Public Labor Relations Act, 5 ILCS 315 et seq., establishes that the Sheriff and the County are joint employers. However, the status of joint employers is to be construed for purposes of that agreement only, otherwise it would be in direct opposition to the statutory mandate of 55

3

ILCS 5/3-6018 and 730 ILCS 125/2. Nor can Plaintiff maintain an action against the County based on a theory of vicarious liability, whereby the actions of the Sheriff are imputed on the County. *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994). There is no employment relationship between the County and the Sheriff to support an action based on respondeat superior. *Id.* Therefore, this Court dismisses Plaintiff's Title VII and Section 1981 claims against the County because the actions are unsupportable in the absence of an employment relationship between the Plaintiff and the County.[1]

Defendant also claims the Plaintiff fails to state a viable claim pursuant to Section 1983. Plaintiff, under the terms of the collective bargaining agreement, was an at-will employee. While it is true, pursuant to the agreement, Plaintiff had a right to a pre-termination hearing, that contractual right does not give rise to a protectible property interest under the Fourteenth Amendment. *Hadley v. Du Page*, 715 F.2d 1238 (7th Cir. 1983). Further, Plaintiff fails to allege any cognizable deprivation by the County of any right protected by the Constitution.

## CONCLUSION

For the reasons stated within this Order, Defendant's Motion to Dismiss (doc. #2) is **GRANTED**. Plaintiff's motion to amend her complaint (doc. #9) is **DENIED**.

**IT IS SO ORDERED.**
**DATED:** November 28, 2000

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE

---

[1] Defendant asserts that the Plaintiff failed to name the County in its EEOC charge, however, this point in moot in the absence of an employment relationship between the County and the Plaintiff.

4